[Civ. No. 7947. First Appellate District, Division One.—November 16, 1932.]

MEURICE SWIM, Appellant, v. EDWARD ACKEL et al., Respondents.

Meurice Swim, *in pro. per.*, for Appellant.

Aaron N. Cohen for Respondents.

THE COURT. — Appeal by plaintiff from a judgment entered in favor of defendants in an action to recover for merchandise alleged to have been sold and delivered by plaintiff's assignor to the defendants, who are husband and wife. The husband admitted the allegations of the complaint, but alleged that on April 9, 1928—which was a few days before the filing of his answer—he was adjudged a bankrupt. His wife denied all the allegations of the complaint. The trial court found the answers to be true and entered judgment accordingly.

Plaintiff contends that certain findings are unsupported and that the court failed to find on all the allegations of the complaint.

First it is claimed that the evidence shows that the merchandise was sold to both defendants, and also that the same having been purchased subsequent to the adoption of section 161a of the Civil Code, which declares that a wife shall have a present, existing and equal interest in the community property, subject to the management and control thereof by the husband, it follows that she is liable for the purchase price of such property.

■ As to this it will be sufficient to say that the claim against defendants was not for necessaries, and the court found upon sufficient evidence that the debt was that of the husband and not of his wife. Under such circumstances she is not liable (Civ. Code, sec. 171; Cal. Jur., Supplement, 1930, Community Property, sec. 104).

The record discloses sufficient findings on all the issues presented by the plaintiff, and the same are not, as claimed by plaintiff, inconsistent or contradictory.

■ There was no finding that the husband received a discharge in bankruptcy, and plaintiff claims that there was no proof that he or his assignor had notice or actual knowledge of this proceeding. As stated, plaintiff was the assignee of the claim sued upon, and the bankruptcy proceeding was instituted after the action commenced. The fact of the proceeding was alleged in the answer which was served on plaintiff, and a certified copy of the discharge in bankruptcy was admitted in evidence at the trial. From the above it is apparent that plaintiff must have known of the proceeding, and the document filed proved the discharge. Findings on these questions, if made, would necessarily have been against the plaintiff; and where such is the case the failure to find is not ground for reversal (*Hulen* v. *Stuart*, 191 Cal. 562 [217 Pac. 750]).

The evidence was sufficient to support the conclusions of the trial court, and no error has been shown which would justify a reversal.

The judgment is affirmed.